United States District Court
Southern District of Texas
**ENTERED**
May 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 6:09-29 CIVIL NO. 6:18-39 |
| JUAN MORALES, Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Juan Morales filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (D.E. 26, 27).[1] Pending before the Court is the United States of America's (the "Government") Motion for Summary Judgment (D.E. 37), wherein the Government moves the Court to dismiss the motion as untimely and substantively meritless. Movant has responded. D.E. 39.[2]

## I. BACKGROUND

In 2001, Movant pled guilty to conspiracy to traffic cocaine and marijuana and engaging in monetary transactions in property derived from unlawful activity, in Case No. 3:00-CR-108 in the Northern District of Florida. He was sentenced to 20 years in the Bureau of Prisons (BOP). In January 2009, Movant was transferred to the minimum security federal prison camp located in Three Rivers, Texas. Two months later, he went missing. He remained a fugitive until he was arrested on June 14, 2016.

Meanwhile, on April 16, 2009, Movant was indicted in the current criminal case on one count of escape from a federal corrections facility, in violation of 18 U.S.C. § 751(a). On September 7, 2016, he pled guilty to escape, for which he was sentenced to 18 months' imprisonment (9 months concurrent and 9 months consecutive to the undischarged term of imprisonment in Case No.

---

1. Docket Entry (D.E.) references are to the criminal case.
2. Movant's motion for extension of time to respond to the Government's motion for summary judgment (D.E. 38) is **GRANTED**.

1

3:00-CR-108), followed by two years' supervised release. Judgment was entered December 12, 2016. Movant did not appeal. He filed the current motion under 28 U.S.C. § 2255 on June 18, 2018.

## II. MOVANT'S ALLEGATIONS

Movant raises a single ground for relief: His escape conviction violated the Double Jeopardy Clause because the BOP had already tried him in *absentia* and subjected him to the "criminal sanction" of loss of good time credit towards his sentence in Case No. 3:00-CR-108.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

2

the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Movant's conviction became final on December 26, 2016, the last day to file a timely notice of appeal. *See* FED. R. APP. P. 4(b). His § 2255 motion was dated June 18, 2018. The Government argues the motion is therefore time barred because it was filed nearly six months after the limitations period expired on December 26, 2017.

The one-year statute of limitations may also begin to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Movant claims the clock did not begin to run until November 6, 2017, when he was notified that the BOP had denied his administrative appeal regarding his loss of good time credits. *See* D.E. 27-1. The Court agrees and finds that Movant's motion is timely under § 2255(f)(4).

### C. Double Jeopardy

Movant claims his escape conviction violated the Double Jeopardy Clause because the BOP had already tried him in *absentia* and subjected him to the "criminal sanction" of loss of good time credit towards his sentence in 3:00-CR-108. Movant further argues that the administrative hearing itself was unlawful because the BOP's disciplinary procedures apply only to inmates who are "in custody." "But here," Movant argues, "the BOP imposed a loss of freedom on [Movant] when he was not <u>in custody</u> and that violated both due process and created this double jeopardy conundrum." D.E. 39, p. 5 (emphasis in original).

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As an initial matter, Movant's own evidence belies his claim that the BOP sanctioned him with loss of good time credit in *absentia* and without due process. While his original disciplinary hearing was held while he was a fugitive, "once [he] returned to custody an in person hearing was conducted." D.E. 27-1. Movant appealed "the May 5, 2017, hearing decision of the Disciplinary Hearing Officer . . . in which [he] was found to have committed the prohibited act of Code 200, Escape from Non-Secure Institution," but his appeal was denied. *Id.*

Movant's claim that he cannot be prosecuted for escape because he was punished administratively by the BOP is also precluded under long-standing Fifth Circuit precedent. "The Double Jeopardy Clause provides, as relevant here, that no 'person [shall] be subject for the same offense to be twice put in jeopardy of life or limb.'" *United States v. Gonzales*, 841 F.3d 339, 355 (5th Cir. 2016) (quoting U.S. CONST. amend. V). The Fifth Circuit has long held that "prison disciplinary proceedings do not bar future criminal prosecutions." *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996) (citing *United States v. Bryant*, 563 F.2d 1227, 1230 (5th Cir. 1977) ("The revocation of good time in an administrative proceeding by prison officials does not preclude prosecution for a substantive offense on the same acts.")). "Where a similar double jeopardy issue was raised, [the Fifth Circuit] summarily disposed of it saying: 'This contention is without merit. Administrative discipline of an escapee does not prohibit criminal prosecution for the escape.'" *United States v. Williamson*, 469 F.2d 88, 89 (5th Cir. 1972). (quoting *Keaveny v. United States*, 405 F.2d 821 (5th Cir. 1969)).

Movant's claim that his escape conviction violated the prohibition against double jeopardy is denied.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this

Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment (D.E. 37) is **GRANTED**, Movant's motion under 28 U.S.C. § 2255 (D.E. 26) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 7th day of May, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE